## LOEB AND BLOOM v. F. M. STARK.

**Witnesses—Competency.**

An examination of a witness upon his voir dire, to prove him incompetent, will exclude other evidence to disprove his statements. · Having elected one mode, they could not resort to another.

**Pleading—Filing Amended Petition.**

It is error for the court to refuse the filing of an amended petition, at the close of the trial, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding, to the facts proved.

**Damages—Instructions—Loss by Failure to Deliver Cotton Bought.**

In an action for recovery of damages for loss in failure of vendor to deliver cotton bought on contract, an instruction that if the jury believed from the evidence the allegations of the petition and that the defendants failed to make the delivery according to the terms of the contract, and that after the failure, the plaintiffs received the cotton from defendants, they must find for the defendant is erroneous.

**Same.**

Such an instruction is misleading, as it leaves out of view the question of damages resulting from the violation of the contract.

APPEAL FROM LIVINGSTON CIRCUIT COURT.

June 12, 1869.

OPINION OF THE COURT BY JUDGE HARDIN:

It is insisted for the appellants that the judgment in this case should be reversed on several grounds. They will be specifically disposed of so far as it is deemed necessary to consider them.

1. It is contended that the court erred in permitting the appellee to read in evidence the deposition of J. A. Rogers, he being shown to be interested as a partner of the appellee, by other testimony than his own upon *voir dire* examination. The appellants had their election to rely either upon the witness himself upon his *voir dire* to show his incompetency, or to do so, if they could, upon other evidence, but having adopted one of these modes, and failed, they could not resort to the other. They examined Rogers on his *voir dire,* and his testimony showed him to be competent, and therefore the court properly refused to consider other testimony conducing to show him incompetent *(1 Greenleaf, Sec. 423.)*

2. It is further objected that the court erred in refusing to allow the plaintiff to file an amended petition at the close of the last trial. We do not think so. The amendment proposed was not such as is contemplated by Sec. 161 of the civil code, as proper in the progress or at the close of the trial, "when the amendment does not change substantially the claim or defence by conforming the pleading or proceeding, to the facts proved."

It would have materially changed the issue, which had long been made up and once tried, and was well calculated to take the defendant by surprise.

3. The instructions which the court gave are complained of as misleading and erroneous; and it is insisted also that the court erred in refusing the several instructions asked by the plaintiffs and marked A. B. C. D. E. F. As to the latter ruling it is only deemed necessary to say that all of the six rejected instructions, except that marked F. embrace propositions, and are in such form as were calculated to confuse the jury, and the instruction F. (though not so marked) is copied in another part of the record and certified as "given."

But as to the three instructions which were given at the defendant's instance and *sui spanti* by the court. What is copied and marked as the first of those instructions really contains two

distinct and separate propositions, and was liable to mislead the jury if either of them was erroneous. It is as follows:

> "The court, at the instance of the defendant, instructs the jury that if they believe from the evidence that the plaintiffs bought from the defendant the cotton mentioned in the petition, and at the price and upon the terms therein mentioned, and that the defendant failed to deliver the cotton according to the terms of said contract, and if they shall also believe from the evidence that after such failure the plaintiffs received said cotton from the defendant, they must find for the defendant.'
>
> "And the court further instructs the jury that if they believe there was such failure and after that the defendant settled with and satisfied the plaintiffs for the damages arising therefrom, they must also find for the defendant."

It is set forth in the petition, after it alleges the contract, and the violation of it by the defendant, that the plaintiffs *received* the 55 bales of cotton on the 4th of February, 1865, *under protest,* having paid therefor $25763.04. But the plaintiffs sought to recover nevertheless, for loss and injury sustained in consequence of the non-delivery of the cotton, with shipping permits, for nearly one month before that time, and on these allegations of the petition issues were formed, both by denial of the contract and the statement of one materially different, and by setting up in avoidance a settlement, accord and satisfaction of the plaintiffs' claim.

But according to the first of the propositions we have set out, which is a distinct instruction of itself, the jury were told, in effect, to find for the defendant, if they believed the allegations of the petition, as the facts on which the jury were authorized to find for the defendant, were averred in the petition, thus leaving out of view the question of damages resulting from the violation of the contract by failing to deliver the cotton in time and to furnish the shipping permits, although the cotton was received under protest.

This could scarcely have failed to mislead the jury, notwithstanding the other instructions given, and it was in our opinion an error for which the judgment should be reversed.

Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*McKee, Yeiser, for appellants.*

*Bennett, Symes, Harlan, for appellee.*